# 24-0402-cv

## United States Court of Appeals
### *for the*
## Second Circuit

GRAND MEDFORD ESTATES, LLC, SCHEYER COURT, LLC,

*Plaintiff-Appellants,*

– v. –

TOWN OF BROOKHAVEN, THE TOWN BOARD OF THE
TOWN OF BROOKHAVEN, THE PLANNING BOARD OF THE
TOWN OF BROOKHAVEN,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)

## BRIEF FOR DEFENDANTS-APPELLEES

TIMOTHY F. HILL
PERILLO HILL LLP
*Attorneys for Defendants-Appellees*
285 West Main Street, Suite 203
Sayville, New York 11782
(631) 582-9422

CP COUNSEL PRESS    (800) 4-APPEAL • (328324)

## **<u>TABLE OF CONTENTS</u>**

**Page**

TABLE OF AUTHORITIES...................................................................... iii

PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ................... 1

STATEMENT OF FACTS ................................................................... 2

STANDARD OF REVIEW ON MOTION TO DISMISS ........................................ 4

ARGUMENT ..................................................................................... 6

    POINT I

    APPELLANTS' AS-APPLIED CHALLENGE TO TOWN CODE
    SECTIONS SR-17(C) AND (F) WAS PROPERLY DISMISSED ................ 6

        A.    Scope of Appeal Limited ............................................... 6

        B.    Required Elements of a Due Process Claim Are Missing .......... 7

        C.    Appellants Do Not Dispute All Bond Conditions;
             the Others Are Unmet ............................................... 12

        D.    Extension of Bond Term Is Proper Since Some of the
             Statutory Conditions Also Remain Unfulfilled ..................... 13

        E.    Satisfactory Quality of Work Is Proper as a Bond
             Condition ............................................................. 14

        F.    Challenge is Time-barred ............................................ 17

        G.    No Procedural Violations ............................................ 18

    POINT II

    THE DISTRICT COURT CORRECTLY DISMISSED THE
    DUPLICATIVE §1983 PROCEDURAL DUE PROCESS CLAIM ............. 19

    POINT III

    COUNT IV RELATING TO THE TOWN'S DESIGNATION OF
    LOT AS A WETLAND WAS PROPERLY DISMISSED ..................... 20

i

POINT IV

SECTION 1983 DUE PROCESS CLAIMS—COUNT III
(PROCEDURAL DUE PROCESS) AND VIII (SUBSTANTIVE
DUE PROCESS)—WERE PROPERLY DISMISSED ................................25

    A.    Standard for Section 1983 Claim ..............................................25

    B.    Due Process ................................................................................25

    C.    Section §1983 Does Not Apply to Dispute Over
         Performance Bonds ...................................................................28

    D.    Section §1983 Does Not Apply to Dispute Over
         Two COs ...................................................................................29

    E.    Allegations Fail to State a Claim Under *Monell* ......................30

    E.    Immunities ................................................................................32

POINT V

EQUAL PROTECTION CLAIMS (COUNTS V and VI) WERE
PROPERLY DISMISSED ...................................................................33

    The Amended Complaint Does Not State a Selective
    Enforcement Claim (*LeClair*) ........................................................34

    Amended Complaint Does Not State a Class-of-One Claim .............35

POINT VI

FIRST AMENDMENT CLAIM (COUNT IX) WAS PROPERLY
DISMISSED .....................................................................................39

POINT VII

CLAIMS SUBJECT TO DISMISSAL ON ADDITIONAL
GROUNDS - NEGLECTED STATE LAW REMEDIES ...........................39

POINT VIII

LEAVE TO REPLEAD WAS PROPERLY DENIED ...................................43

CONCLUSION .......................................................................................44

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*20 Dogwood LLC v. Vill. of Roslyn Harbor*,
  2023 U.S. Dist. LEXIS 88142 (E.D.N.Y. 2023) ..................................................34

*A. Aiudi & Sons v. Town of Plainville*,
  862 F. Supp. 737 (D. Conn. 1994)............................................................... 11, 12

*Arch Ins. Co. v. Precision Stone, Inc.*,
  584 F.3d 33 ...........................................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)................. 4, 12, 31, 37

*Assoko v. City of New York*,
  539 F. Supp. 2d 728 (S.D.N.Y.2008) ....................................................................30

*Baines v. Nature's Bounty Ny Inc.*,
  2023 U.S. Dist. LEXIS 669 (E.D.N.Y. 2023) ........................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)................. 4, 12, 31, 37

*Bizzarro v. Miranda*,
  394 F.3d 82 (2d Cir. 2005)...................................................................................34

*Bletter v. Inc. Vill. of Westhampton Beach*,
  88 F. Supp. 2d 21 (E.D.N.Y. 2000) .....................................................................30

*Brody v. Vill. of Port Chester*,
  345 F.3d 103 (2d Cir. 2003)......................................................................... 22, 23

*Brookhaven Aggregates v. Williams*,
  1985 U.S. Dist. LEXIS 17576 (E.D.N.Y. 1985) ..................................................21

*Burford v. Sun Oil Co.*,
  319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943).........................................42

*Campos v. Zuntag*,
  2016 U.S. Dist. LEXIS 48086 (E.D.N.Y. 2016)...................................................43

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) ...................................................5

*Chowdury v. Midland Credit Mgmt.*,
  2021 U.S. Dist. LEXIS 142753 (E.D.N.Y. 2021) ................................5

*Crowley v. Courville*,
  76 F.3d 47 (2d Cir. 1996)....................................................26

*Cunney v. Bd. Of Trs. Of Grand View*,
  56 F. Supp. 3d 470 (S.D.N.Y. 2014) ...................................9

*Dean v. Town of Hempstead*,
  527 F. Supp. 3d 347 (E.D.N.Y. 2021) ...............................35

*Denny v. Barber*,
  576 F.2d 465 (2d Cir. 1978)...................................................44

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)....................................................5

*Eaton v. Wayne Cent. Sch. Dist.*,
  25 F. Supp. 3d 370 (W.D.N.Y. 2014)..............................18

*Ferran v. Town of Nassau*,
  471 F.3d 363 (2d Cir. 2006).....................................................27

*Ferreira v. Town of E. Hampton*,
  56 F. Supp. 3d 211 (E.D.N.Y. 2014) ...............................36

*Fortress Bible Church v. Feiner*,
  694 F.3d 208 (2d Cir. 2012)..............................................37

*Four K. Grp., Inc. v. NYCTL 2008-A Tr.*,
  2013 U.S. Dist. LEXIS 53591 (E.D.N.Y. 2013) ................................24

*Gizzo v. Ben-Habib*,
  44 F. Supp. 3d 374 (S.D.N.Y. 2014) ...............................10

*Gregory v. Inc. Vill. of Centre Island*,
  2015 U.S. Dist. LEXIS 114749, 2015 WL 5093623 (E.D.N.Y. 2015) ........ 25, 41

*Guoba v. Sportsman Props., Inc.*,
  2006 U.S. Dist. LEXIS 73307 (E.D.N.Y. 2006) ............................30

iv

*Harbor View at Port Wash. Home Owners Assn, Inc. v.*
*W.J. Harbor Ridge, LLC*,
20 Misc. 3d 1138(A) (Sup. Ct. Nassau Co., 2008) ...................................... 27, 30

*Hayden v. Paterson*,
594 F.3d 150 (2d Cir. 2010) ................................................................4

*Hong Tang v. Grossman*,
No. 22-464, 2023 U.S. App. LEXIS 4625 (2d Cir. Feb. 27, 2023) ....................31

*Hurley v. Town of Southampton*,
2018 U.S. Dist. LEXIS 137089 (E.D.N.Y. 2018) ...............................37

*In re Bayswater Gracewood v. Planning Bd. of N. Hills*,
19 A.D.3d 411 (2d Dep't 2005) .........................................................16

*In re Chembio Diagnostics, Inc.*,
586 F. Supp. 3d 199 (E.D.N.Y. 2022) ...................................................5

*In re WorldCom, Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 25125 (S.D.N.Y. 2004)..................................44

*Int'l Audiotext Network v. Am. Tel. & Tel. Co.*,
62 F.3d 69 (2d Cir. 1995)...................................................................5

*Joglo Realties, Inc.*,
2016 U.S. Dist. LEXIS 113057, 2016 WL 4491409 .........................................35

*Kurtz v. Verizon, N.Y. Inc.*,
758 F.3d 506, 2014 U.S. App. Lexis 13595 (2d Cir. 2014) ..................................7

*LeClair v. Saunders*,
627 F.2d 606 (2d Cir. 1980).................................................................34

*Lisa's Party City v. Town of Henrietta*,
185 F.3d 12 (2d Cir. 1999)........................................................... 25-26

*Livant v. Clifton*,
334 F. Supp. 2d 321 (E.D.N.Y. 2004) ..................................................32

*Manbeck v. Town of Lewisboro*,
2008 U.S. Dist. LEXIS 109123 (S.D.N.Y. 2008)...............................36

*Matter of Inc. Vil. of Patchogue v. Simon*,
112 A.D.2d 374 (2d Dep't 1985).........................................................22

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658, 98 S. Ct. 2018 (1978)................................................ 30, 31, 33, 39

*Montauk Bus Co. v. Utica City Sch. Dist.*,
   30 F. Supp. 2d 313 (N.D.N.Y. 1998)................................................27

*Nardiello v. Town of Oyster Bay*,
   2016 U.S. Dist. LEXIS 49641 (E.D.N.Y. 2016) ................................38

*Natale v. Town of Ridgefield*,
   170 F.3d 258 (2d Cir. 1999).................................................26

*Neilson v. D'Angelis*,
   409 F.3d 100 (2d Cir. 2005), *overruled on other grounds by*
   *Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008) ................................37

*Panetta v. Vill. of Mamaroneck*,
   2012 U.S. Dist. LEXIS 175431 (S.D.N.Y. 2012)........................ 11, 27

*Penlyn Dev. Corp. v. Inc. Vill. of Lloyd Harbor*,
   51 F. Supp. 2d 255 (E.D.N.Y. 1999) ................................26

*Petrello v. Zoning Bd. of Appeals of the Vill. of Sagaponack*,
   2022 U.S. Dist. LEXIS 214691 (E.D.N.Y. 2022) ................................42

*Ramel Giggetts v. Cnty. of Suffolk*,
   2022 U.S. Dist. LEXIS 65035 (E.D.N.Y. 2022) ................................43

*RRI Realty Corp. v. Inc. Vill. of Southampton*,
   870 F.2d 911 (2d Cir. 1989)....................................... 9, 26, 27

*Ruston v. Town Bd. for Skaneateles*,
   610 F.3d 55 (2d Cir. 2010) *aff'd,* 705 F. App'x 50 (2d Cir. 2017) .............. 36-37

*Sandy Hollow Assocs. LLC & Port N. Constr. LLC v.*
   *Inc. Vill. of Port Wash. N.*,
   2010 U.S. Dist. LEXIS 142396 (E.D.N.Y. 2010) ...................... *passim*

*Sarr v. BEF Foods, Inc.*,
   2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. 2020) ................................12

*Seabrook v. City of New York*,
   509 F. Supp. 2d 393 (S.D.N.Y.2007) ................................30

*Searle v. Red Creek Cent. Sch. Dist.*,
2023 U.S. App. LEXIS 11675 ......................................................5

*Seymour's Boatyard, Inc. v. Town of Huntington*,
2009 U.S. Dist. LEXIS 45450 (E.D.N.Y. 2009) ................................36

*Sharp v. Inc. Vill. of Farmingdale*,
2017 U.S. Dist. LEXIS 161235 (E.D.N.Y.  2017) ...................... 40, 41

*Snider v. Dylag*,
188 F.3d 51 (2d Cir. 1999)...............................................................25

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014).............................................................43

*Thompson v. Global Contact Servs., LLC*,
No. 20-CV-651 (MKB), 2021 U.S. Dist. LEXIS 146143
(E.D.N.Y. 2021)................................................................................6

*Tocker v. Philip Morris Cos.*,
470 F.3d 481 (2d Cir. 2006).............................................................43

*Town of Brookhaven v. Navigators Ins. Co.*,
2018 N.Y. Slip Op. 30799(U), (Sup. Ct. Suffolk Co. 2015) ........ 15, 17

*Town of Chester v. Republic Ins. Co.*,
89 A.D.2d 959 (2d Dep't 1982)................................................. 14-15

*Town of Smithtown v. Beechwood Tiffany, LLC*,
2012 N.Y. Misc. LEXIS 5482 (Sup. Ct. Suffolk Co. 2012)................10

*Trager v. Town of Clifton Park*,
303 A.D.2d 875, 756 N.Y.S.2d 669 (3d Dep't 2003)........................40

*Valdez v. City of N.Y.*,
18 N.Y.3d 69, 936 N.Y.S.2d 587, 960 N.E.2d 356 (N.Y. 2011)........32

*Vertical Broad., Inc. v. Town of Southampton*,
84 F. Supp. 2d 379 (E.D.N.Y. 2000) ......................................... *passim*

*Villager Pond, Inc. v. Town of Darien*,
56 F.3d 375 (2d Cir. 1995)................................................................8

*W.G. Woodmere LLC v. Town of Hempstead*,
2022 U.S. Dist. LEXIS 217017 (E.D.N.Y. 2022) ..............................38

vii

*Whalen v. Cty. of Fulton*,
   126 F.3d 400 (2d Cir. 1997).................................................................31

*Whyte v. Bayview Loan Servicing, LLC*,
   No. 21-CV-3301 (PKC) (LB), 2022 U.S. Dist. LEXIS 175095
   (E.D.N.Y. 2022)...................................................................................6

*Williams v. New York*,
   2022 U.S. Dist. LEXIS 152293 (E.D.N.Y. Aug. 24, 2022) ......................... 30, 31

*Zahra v. Town of Southold*,
   48 F.3d 674 (2d Cir. 1995)........................................................... *passim*

## Statutes and Other Authorities:

28 U.S.C. § 1441(c) ....................................................................................41

42 U.S.C. § 1983 ............................................................................... *passim*

Brookhaven Town Code § SR-17 ...............................................................15

Brookhaven Town Code § SR-17(A) ..........................................................14

Brookhaven Town Code § SR-17(C)................................................. *passim*

Brookhaven Town Code § SR-17(D) ..........................................................13

Brookhaven Town Code § SR-17(E)............................................................13

Brookhaven Town Code § SR-17(F) ................................................. *passim*

CPLR § 7803 ............................................................................................40

CPLR § 7804(b) ........................................................................................40

CPLR Article 78.............................................................. 10, 40, 41, 42

ECL § 24-0501(2) ......................................................................................21

EDPL § 207(A) ..........................................................................................22

EDPL § 207(B) ..........................................................................................22

EDPL § 207(C) ..........................................................................................23

EDPL § 207(C)(1).......................................................................................23

EDPL § 208.................................................................................23

Fed. R. Civ. P. 7........................................................................43

Fed. R. Civ. P. 12(b)(6)............................................................4, 6

Fed. R. Civ. P. 15......................................................................43

Fed. R. Civ. P. 15(a).................................................................44

Town Code § 81-3......................................................................23

Town Law § 277(9)(d)...............................................................19

Appellees, The Town of Brookhaven, The Town Board of the Town of Brookhaven, The Planning Board of the Town of Brookhaven, by their attorneys, Perillo Hill LLP, submit this Appellees' Brief and respectfully offer that the Opinion and Order of the District Court, which granted Appellees' motion to dismiss, be affirmed.

### PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

The District Court properly granted the Respondents' motion to dismiss the Amended Complaint and each of the claims or "counts" therein. *See* SPA-1-44. The District Court dismissed certain of the counts on ripeness grounds and others for failure to state a claim. In some instances, certain parts of an individual claim were dismissed on ripeness grounds and other parts of the same claim were dismissed on merits grounds. Appellants do not appeal the dismissal of any of the claims that the District Court dismissed on ripeness ground. *See* Appellants Br. at p.1. Appellants, furthermore, do not appeal from the District Court's dismissal of Count II of the Amended Complaint. It is respectfully submitted that this Court should affirm the dismissal of the limited subset of claims that are the subject of this appeal.

All of the claims that are within the reduced scope of this appeal—as applied due process challenge to Town Code (Count I); procedural due process (Count III); due process challenge to Town wetlands ordinance (Count IV); equal protection

1

(Counts V and VI); substantive due process (Count VIII); first amendment (Count IX)—suffer from multiple defects but share at their core the deficiency that Appellants lack a constitutionally protected interest in the bonds that are the subject of this action.

## STATEMENT OF FACTS

Appellants applied to the Town for approvals of two residential subdivisions, Medford Gardens and Quigley Estates. According to the Amended Complaint, the conditional final subdivision approval for Medford Gardens (A-50) was issued in 2010. (A-329). The conditional final subdivision approval for Quigley Estates (A-56) was issued in 2013, with certain conditions for Quigley Estates being modified in 2014. (A-346)

Among other conditions of the subdivision approvals, the Town required the posting of bonds to guarantee the construction of certain road infrastructure, drainage, and public improvements to be constructed by the developers and dedicated to the Town. The Performance Bond for Medford Gardens, in the amount of $680,000, was converted from a Highway Bond in July 2018. *See* A-324, Am. Compl., ¶¶30-31 (A-330), Town Board Resolution (A-69). The Performance Bond for Quigley Estates was set in the amount of $460,428.50 in January 2021 and converted to a surety bond in April 2021. *See* Am. Compl., ¶113 (A-348), Consensus Resolution Agenda (A-71). Appellants further allege that,

although they have completed all the work required by the Town, the Town has refused to release the bonds and demands that certain additional work be completed. This work is itemized in the Medford Gardens Punchlist, dated October 20, 2022 (Am. Compl. ¶82 [A-342], A-73) and the Quigley Punchlist, dated November 3, 2022 (Am. Compl. ¶121 [A-349], A-74). Appellants allege that the Punchlist requirements violate their constitutional rights. As shown below, this claim is baseless on its face and was properly dismissed.

Appellants raised additional allegations relating to the Medford Gardens project. First, they claim that the Town wrongly delayed by over a month the issuance of certificates of occupancy ("COs") for two of its single-family dwellings (Am. Compl. ¶61 [A-338]) and threatened "representatives of Grand Medford Estates" against bringing a lawsuit on this issue (Am. Compl. ¶62 [A-338]). Nevertheless, the Amended Complaint was filed on December 23, 2022. (A-324).

Also, Appellants argued that the Town improperly designated Lot 26, which is part of the Medford Gardens property, as a wetland and that this was an unconstitutional taking, for which Grand Medford Estates, LLC is in the process of seeking compensation in state court. *See* Am. Compl. ¶¶71-73 (A-340). As evidenced by the municipal and court records, of which the court below took judicial notice, the Town Board held a duly noticed public hearing on the matter

3

for March 11, 2021 (A-76), issued its Resolution Adopting the Findings and Determination to Condemn Property for Open Space on that date, and filed a Petition to condemn the parcel on November 9, 2021 (A-172). A Vesting Order was issued on April 20, 2022 (A-263), the Town filed a Notice of Acquisition, dated May 3, 2022 (A-266), and Plaintiff Grand Medford Estates LLC served a Notice of Claim dated May 5, 2022 (A-267).

## STANDARD OF REVIEW ON MOTION TO DISMISS

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 555)*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Furthermore, the court should not accept allegations if they are clearly contradicted by relevant documents that the court has authority to consider. *In re Chembio Diagnostics, Inc*., 586 F. Supp. 3d 199, 215 (E.D.N.Y. 2022). These include documents incorporated by reference in the complaint and documents integral to the complaint (*Searle v. Red Creek Cent. Sch. Dist.*, 2023 U.S. App. LEXIS 11675, at *3 [2d Cir. 2023]), as well as matters of which judicial notice may be taken (*DiFolco v. MSNBC Cable L.L.C*., 622 F.3d 104, 111 [2d Cir. 2010]; *Chowdury v. Midland Credit Mgmt*., 2021 U.S. Dist. LEXIS 142753, at *4 [E.D.N.Y. 2021]) and documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002).

The Amended Complaint expressly references numerous documents contained in the Town's municipal records as part of the subdivision approval files for these projects. These documents are incorporated in the Amended Complaint by reference and are integral to the facts pled in support of Plaintiffs' claim. As such, they are properly considered on this motion. *See e.g., Int'l Audiotext Network v. Am. Tel. & Tel. Co*., 62 F.3d 69, 72 (2d Cir. 1995*); Baines v. Nature's Bounty Ny Inc*., 2023 U.S. Dist. LEXIS 669, at *28-29 (E.D.N.Y. 2023).

The Court may take judicial notice of the documents filed in the eminent domain proceeding pending in the New York State Supreme Court, Suffolk County

5

(Index No. 620420/2021), which is referenced in the Amended Complaint (A-324) (at A-340, ¶¶72-73) and in which Grand Medford is a party. Federal courts routinely take judicial notice of state court documents that are "public court records" and are "material" to the federal court's disposition of a 12(b)(6) motion. *See e.g., Thompson v. Global Contact Servs.*, LLC, No. 20-CV-651 (MKB), 2021 U.S. Dist. LEXIS 146143, 2021 WL 3425378, at *5-7 (E.D.N.Y. 2021); *Whyte v. Bayview Loan Servicing, LLC*, No. 21-CV-3301 (PKC) (LB), 2022 U.S. Dist. LEXIS 175095, at *2 n.1 (E.D.N.Y. 2022) Here, Grand Medford is in possession of (and clearly has knowledge of) the Petition and Vesting Order filed in the eminent domain proceeding wherein it seeks compensation. *See* A-172; A-263. The proceeding itself and certain documents filed therein are expressly referenced in the Plaintiffs' pleading (Am. Compl., at ¶¶71, 73 [A-266-267]). Moreover, the court records are material to Grand Medford's procedural due process claims regarding notice and an opportunity to be heard.

## ARGUMENT

### POINT I

#### APPELLANTS' AS-APPLIED CHALLENGE TO TOWN CODE SECTIONS SR-17(C) AND (F) WAS PROPERLY DISMISSED

A. Scope of Appeal Limited

Appellants explicitly exclude from the scope of this appeal any claims that were dismissed on ripeness grounds. Within this category of dismissed and non-

appealed claims is that portion of Count I that is based upon allegations that the loss of rights to the performance bonds due to unlawful extension of the bonds' terms. The District Court dismissed so much of Count I as was based upon those allegations on the grounds of the final decision ripeness requirement. *See* SPA-20, *citing Kurtz v. Verizon, N.Y. Inc.*, 758 F.3d 506, 509-510, 515-16, 2014 U.S. App. Lexis 13595 (2d Cir. 2014). The District Court held that "defendant's refusal to release the performance bond is not a final decision. … As a result, this portion of plaintiffs' as-applied due process challenge is not ripe." *See* SPA-20. Accordingly, based upon Appellants' own express exclusion from the scope of this appeal all such claims dismissed on ripeness grounds, the claim in Count I that the Town's refusal to release the performance bond violates due process is not being appealed.

Appellants appear to either overlook or disregard that the District Court dismissed on ripeness grounds as they attempt to make arguments in based upon the assertion that extension of the bond terms violate due process (*see* App. Br. at 27-32). However, since such claim was plainly dismissed on ripeness grounds (SPA-20), these arguments are outside the scope of this appeal as limited by Appellants themselves.

B. <u>Required Elements of a Due Process Claim Are Missing</u>

In Count I of the Amended Complaint, Appellants allege that Sections SR-17(C) and SR-17(F) of the Town Code are unconstitutional as applied to Grand

Medford on due process grounds. To establish a constitutionally cognizable property interest, a plaintiff must demonstrate a clear entitlement to the benefit in question. *See Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). Appellants simply do not have an established right in the relief sought, here, release of the Performance Bonds. The Amended Complaint alleges what are at best contract-based claims that do not rise to the level of a constitutional injury.

In dismissing Count I with prejudice, the lower court noted that it had already dismissed as unripe those portions of the Complaint alleging that the Town's interpretation of the Town Code provisions constituted a taking. Appellants do not challenge that portion of the ruling. See the Appellants' Brief, at p. 26 Note 3: "The Appellants do not challenge on this appeal that portion of the Order which determined that the as-applied challenge to the Brookhaven Town Code is unripe." The only claim in Count I that the lower court found necessary to review on the merits is that the Town added work items to plaintiffs' performance bonds and forced them to continue doing repair work. *See* A-22-23. The Court read this claim as alleging two potential separate property interests, one in the Grand Medford's performance bond, and the second, in the additional expense of doing more work. (A-23-24). However, the Court concluded neither of these property interests are constitutionally cognizable.

8

First, the Court noted the considerable discretion given by the Town Code to the Planning Board, the Highway Department and the Town Board in approving the improvements before they release the performance bond. This discretion negates Appellants' claim of entitlement to the bonds' release. (A-24). In this context, the lower Court's properly referenced *Cunney v. Bd. Of Trs. Of Grand View*, 56 F. Supp. 3d 470, 497, 500-01, 505 (S.D.N.Y. 2014), wherein the court held that the local zoning law gave discretion to the Building Inspect to grant or deny a building permit and thus the applicant had no protected property interest. Here too, the municipality's requirements of bonds are governed by a local law and the same law grants discretion with respect to the conditions for their release. Numerous analogous decisions support the finding that Appellants have no entitlement to the relief they seek. A plaintiff has a "legitimate claim of entitlement" to a particular benefit if, "absent the alleged denial of due process, there is a certainty or a very strong likelihood that the benefit would have been granted." *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 917 (2d Cir. 1989) (citation and internal quotations omitted). "It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process." *Vertical Broad., Inc*., 84 F. Supp. 2d at 391; *and see Sandy Hollow Assocs. LLC & Port N. Constr. LLC v. Inc. Vill. of Port Wash. N*., 2010 U.S. Dist. LEXIS 142396, 30-33 (E.D.N.Y. 2010).

The District Court correctly held that the discretion that the subject code provisions grant to the Town to determine whether to release a performance bond established that Appellants do not have a clear claim of entitlement to their release. *See* SPA-25, *citing Vertical Broad, Inc.*, 84 F.Supp.2d at 424-25.

The District Court likewise correctly held that Appellants' "rights under the performance bonds are contractual in nature, not constitutional." *See* SPA-25 (noting that in "New York, any right that plaintiffs claim in a performance bond is governed by New York contract law" *citing Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 n.4, *and Gizzo v. Ben-Habib*, 44 F.Supp.3d 374, 385 (S.D.N.Y. 2014).

Appellants' reliance on *Town of Smithtown v. Beechwood Tiffany, LLC*, 2012 N.Y. Misc. Lexis 5482 (Sup. Ct. Suffolk Co., 2012) is misplaced. At issue in *Beechwood Tiffany, LLC*, was whether or not a notice of claim was required to be filed prior to the bringing of the proceeding, which has nothing to do with the claims asserted here. The *Beechwood Tiffany, LLC* court made no determination as to whether the performance bond itself was a contractual agreement. In addition, that case makes clear that the claims asserted in the Amended Complaint are properly asserted as Article 78 claims in state court only. *Id.* It also emphasizes that: "[t]he purpose of a performance bond is to ensure, not only completion of the work, but that the work is of satisfactory quality." *Id.*, at *12. This only reinforces

10

the fact that discretion is afforded to the Defendants in determining whether or not the work was satisfactorily performed and of sufficient quality (as thus whether the Bonds should be released).

In *Panetta v. Vill. of Mamaroneck*, 2012 U.S. Dist. LEXIS 175431, at *9 (S.D.N.Y. 2012), plaintiffs asserted due process violations because of defendant's refusal to issue them a permanent certificate of occupancy. The court found that their assertion that they had fully complied with all of the conditions and applicable land use regulations was insufficient "to plead a constitutionally cognizable property interest." *See id*. at 11. The claim that plaintiffs incurred substantial expenses was also insufficient to support a due process claim in this context. *See id*. at 10. Furthermore, plaintiffs' assertions that posting a performance bond created a cognizable property right was found to be without merit. *See id*. at 12. Accordingly, the court there granted the defendant's motion to dismiss. Here, Appellants' claims that they have expended moneys to renew the bonds, that they have "performed all of their obligations," and that they have incurred damages do not state a constitutional deprivation claim.

Likewise, in *A. Aiudi & Sons v. Town of Plainville*, 862 F. Supp. 737, 743-45 (D. Conn. 1994), plaintiff alleged a §1983 claim because defendant Town had called in a letter of credit issued in conjunction with a performance bond signed by the buyer. The court granted the Town's motion to dismiss after analyzing the

11

nature of the claim and concluding that it is contractual and, therefore, does not give rise to a violation that is "arbitrary or conscience-shocking in the constitutional sense." *Id.* "Moreover, when a state instrumentality acts pursuant to the terms of a contract, its behavior is far from the kind of oppressive conduct which the Fourteenth Amendment was designed to guard against." *Id.* at 744.

Appellants do not have a constitutional right to the release of the Performance Bonds. The Amended Complaint's bare employments of the terms "property interest" and "a legitimate claim of entitlement" are unavailing. *See Iqbal*, 556 U.S. at 678 (the court discounts legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements") *citing Twombly*, 550 U.S. at 555; *see also, Sarr v. BEF Foods, Inc.*, 2020 U.S. Dist. LEXIS 25594, at *9 (E.D.N.Y. 2020).

C. Appellants Do Not Dispute All Bond Conditions; the Others Are Unmet

Appellants claim that the bond requirement is unconstitutional as applied to them because the conditions placed upon them by the Punchlists are in the nature of repairs. In making this argument, they choose to ignore all of the other Punchlist items which have nothing to do with repairs and maintenance, but rather require the submission of a final survey, approvals from the other agencies, removal of encroachments and conduits in the public right of way and other compliance matters. *See e.g.*, A-73, Medford Gardens Punchlist, Items 1, 2, 3, 13, 17; & A-74,

Quigley Estates Punchlist, Items 1, 2, 3, 4, 5, 6, 7, 8, 1,4 15, 16. As these conditions are proper bond requirements, there can be no claim for a release of the bonds until they are satisfied. In fact, Appellants themselves do not take issue with all Punchlist items. Appellants only object in their pleading to items 4 through 20 on the Medford Gardens Punchlist and items 6 through 19 on the Quigley Punchlist (Am. Compl., at ¶¶82[A-342], 121[A-349]), thus conceding, with respect to the rest, that they are appropriate. Nowhere in their pleadings do Appellants claim that they have complied with these remaining conditions or even allege that they are improper.

   D. Extension of Bond Term Is Proper Since Some of the Statutory Conditions Also Remain Unfulfilled

Appellants object to §SR-17(C) because it allows the Planning Board to extend the term of the bond beyond its original one-year period "where such action would not be contrary to the intent of this regulation." This section should be read in the context of the rest of Article V and its overall purpose, discussed above. Sections 17(D), (E) and (F) state the prerequisites to a release of the bond, including the submission of revised "as constructed plans" by the subdivider's engineer, and the determination by the Planning Board regarding "satisfactory completion of all work covered in the bond," together with the "properly executed instruments of dedication" and "a certificate of title." In the case at bar, Appellants do not claim that they have completed all of these statutory requirements, which

13

exist separate and apart from the Punchlists. Thus, regardless of the parties'
dispute over some, but not all, Punchlist items, there are still outstanding
approvals, title documents, work items and the other statutory conditions have not
been met. The Amended Complaint does not address these independent conditions
which, in themselves, are sufficient to justify an extension of the bond term. And,
again, as this is an issue upon which the District Court dismissed on ripeness
grounds, it is outside the scope of this appeal in any case.

    E.  <u>Satisfactory Quality of Work Is Proper as a Bond Condition</u>

The challenged sections of the Town Code, SR-17(C) and SR-17(F), are
part of Chapter SR. Subdivision Regulations and Article V thereof governing
Surety Bonds. Section SR-16 General Provisions states that the purpose of the
surety bonds is to "guaranty to the Town of Brookhaven that he [subdivider] will
faithfully construct or cause to be constructed the required public improvements"
and "as a guaranty of materials and workmanship for a period of one year after
acceptance by the Town of Brookhaven." Section SR-17(A) again emphasizes that
the "performance bond guarantees to the Town of Brookhaven the faithful
performance of constructing the required public improvements as approved with
the final plat."

Moreover, New York courts in the Second Department have expressly held
that performance bonds can properly cover repairs. In *Town of Chester v. Republic*

14

*Ins. Co.*, 89 A.D.2d 959, 959-60 (2d Dep't 1982), the plaintiff town brought an action against the performance bond surety, alleging that improvements completed by the developer "*were neither accepted nor approved and were in need of repair*" [emphasis added]. The lower court dismissed the claim, but the Appellate Division reversed, holding that the term "performance" in the Town Law contemplates not merely the completion of work, but that the work be of satisfactory quality. *See also Town of Brookhaven v. Navigators Ins. Co.,* 2018 N.Y. Slip Op. 30799(U), ¶¶3-4 (Sup. Ct. Suffolk Co. 2015). This holding is consistent with the stated purpose of the bond provision in the Brookhaven Town Code guaranteeing "materials and workmanship". *See* §SR-17 *supra*. Thus, there is nothing improper in those conditions contained in the Punchlists which require that, prior to the Town's acceptance of the public improvements, these must be compliant with the applicable laws, such as the ADA, be functional and in good repair.

The above reasoned analysis belies Appellants' claim that the lower Court "misunderstood the Plaintiffs [syc] argument" that the punchlists are "unconstitutional conditions" which they cannot dispute. App. Br., p. 27. On the contrary, the lower Court addressed this argument head on, explaining, as stated above, that it had no merit because of the broad discretion given to the Town's agencies in evaluating compliance with the bonds, the failure of Appellants to actually comply with the Town Code provisions, and the fundamental contractual

15

nature of the dispute. The lower Court also rejected Appellants' claim that they "have been permanently deprived of their rights in the respective performance bonds." As an example, it pointed to the fact that the Town reduced the amount of Scheyer Court's bond after it had demonstrated completion of some work items. (A-25)(citing A-324, Am. Compl. ¶¶108-113). "These successful negotiations between the Planning Board and Scheyer Court demonstrate that the Town is not unwilling to recognize when work has been completed." (A-19). It should be noted that these holdings are made in the section of the court's decision discussing ripeness, which is not on appeal. See Appellants' Brief, Note 3, waiving appeal from dismissal of claims on ripeness grounds. Thus, it is the law of the case that there was no "permanent" deprivation of Appellants' rights.

*In re Bayswater Gracewood v Planning Bd. of N. Hills,* 19 AD3d 411, 411 (2d Dep't 2005), cited by Appellants to in support of their contention that a Planning Board cannot go beyond the scope of the bond, does not support their position. First, it is a state court appeal from an Article 78 proceeding, which would also be the proper venue and procedural posture of this case, which involves a local land use matter. Second, the court in that case held that the Board was authorized to consider defects in construction as part of its bond review. Finally, there is nothing in that decision which contradicts the fact the Grand Medford and Scheyer Court bonds in question did and do require Appellants to complete public

improvements and to conduct maintenance "until such time as the roadways are dedicated and accepted into the Town's Highway System."

F. Challenge is Time-barred

The District Court did not reach or decide the issue of timeliness. Nevertheless, this ground provides an additional basis upon which the dismissal should be deemed proper.

As in *Town of Brookhaven v. Navigators Ins. Co., supra*, the initial documents requiring the posting of the Performance Bonds expressly make their termination conditional upon "the Town's determination of satisfactory completion and acceptance of the public improvements so bonded or secured." *See* A-50, May 24, 2010 Letter re conditional final approval for Medford Gardens, at ¶1. The same document further states: "Applicant is responsible for maintenance of said roadway inclusive of striping, paving, snow and ice removal and keeping same free of litter and debris until such time as the roadways are dedicated and accepted into the Town's Highway System." No expiration date for the bond is included in the above approval. Appellants claim that allowing the Town such discretion and also allowing it to include maintenance and repairs in performance bond conditions is unconstitutional. These types of claims (if they had merit, which they do not) accrued in 2010 and are now time-barred.

17

The Stipulation of Settlement for the Quigley Estates subdivision also makes general and specific reference to public improvements to be built by the developer and dedicated to and accepted by the Town and, if not completed prior to the issuance of certificates of occupancy, guaranteed by a bond. *See* A-66, ¶4. This document, signed by Plaintiff in 2014, was not challenged at the time and is not being challenged in this action. Thus, all claims based upon the Town's authority to include conditions relating to maintenance and repairs in the bonds, made for the first time in this action, commenced in 2022, are time-barred. *See Eaton v. Wayne Cent. Sch. Dist.*, 25 F. Supp. 3d 370, 373 (W.D.N.Y. 2014)(dismissing federal Section 1983 claims which accrued seven and six years prior to the commencement of the action).

G. <u>No Procedural Violations</u>

The allegation that formal notice and an opportunity to be heard is required for the operation of §SR-17(C) and for extension of the bond terms has no basis either in the above Town Code provision, the Town Law, or in case law. Appellants have been in constant communication with the Town, as referenced throughout the Amended Complaint and, specifically with respect to the disputed improvements, as noted in the "Punchlist" letters. *See* A-69 & 71. As sophisticated developers, they cannot claim to be unaware of the process of conditional approval, performance, inspection, and final acceptance attendant to

18

the construction of a subdivision. Furthermore, if they believed that the Town
Board violated their procedural rights by extending the bond beyond the one-year
mark, then the proper time to object should have been when this first happened, in
July 2019 for the Medford Gardens bond and in April 2022 for the Quigley Estates
bond. However, there is no claim that such objections were made then or at any
subsequent time prior to this action filed in December 2022. Moreover, since the
surety bond for Quigley Estates was only issued in April 2021, it was at all times
from the commencement of the action through the decision below still within the
initial three-year period permitted by Town Law §277(9)(d). Thus, no extension
and, consequently, no new process was required.

## POINT II

### THE DISTRICT COURT CORRECTLY DISMISSED THE DUPLICATIVE §1983 PROCEDURAL DUE PROCESS CLAIM

Appellants' assertion of a procedural due process violation in the form of a
claim arising under 42 U.S.C. §1983 (Count III) fails for the same reasons the as-
applied challenge (Count I). *See* SPA-29. Appellants do not dispute that this claim
is duplicative of its as-applied challenge to the Town Code (Count I of the
Amended Complaint, as addressed in Point I of this brief), and offer no separate
argument for why this claim should not have been dismissed. *See* App. Br. at 35.

Referencing without reiterating all of Point I, *supra*, Appellees briefly note
that the Town's conditions are reasonably within the scope of items that can be

19

covered by performance bond.  Further, Appellants can point to no requirement that a formal notice and hearing be provided to them each time that the Town reminds them of their existing obligations to complete the work needed, so that the public improvements can be functional and compliant with all applicable standards and regulations.  By Appellants' own admission, the amounts of the bonds have been adjusted over time, based upon the work items completed and negotiations between the parties.  *See e.g.*, A-324, Am. Compl., ¶¶108-113(A-347-48).  There is nothing to prevent Appellants from following the same procedure to lower the amount of the bonds until all of the requirements are met.

For all of the reasons set forth in Point I, above, and Point IV, below, the District Court's dismissal of Count III (§1983 procedural due process claim) should be affirmed.

## POINT III

### COUNT IV RELATING TO THE TOWN'S DESIGNATION OF LOT AS A WETLAND WAS PROPERLY DISMISSED

The District Court properly dismissed Appellants' claim that Chapter 81 of the Town Code of the Town of Brookhaven is unconstitutional on due process grounds.  *See* SPA-37-40.

The Amended Complaint, in Count IV, asserts that the Town's procedures for designating property as a wetland violate due process. Despite this conclusory constitutional language, the actual assertion is that the Town Code does not

20

comport with state law. Since Appellants contend that the wetlands designation issue is fully controlled by state law, i.e., New York Environmental Conservation Law (ECL), a state court action to declare Appellants' rights under said state statute would provide all the process Appellants are due. The cumbersome and wandering allegations of Count IV simply fail to raise a federal due process question. Indeed, Count IV recites that the state statute, ECL §24-0501(2), *includes* the notice and hearing provisions that Appellants contend are required. If Appellants believe the state law controls, their remedy lies in a claim arising under or to enforce their rights under such state law, a claim that belongs in state court. This is particularly true in light of Appellants' pending state court actions and Appellants' failure to set forth any legitimate reason for pursuing its action in federal court rather than state court. *See e.g., Brookhaven Aggregates v. Williams*, 1985 U.S. Dist. LEXIS 17576, at *16 (E.D.N.Y. 1985) (applying abstention doctrine to ECL challenge and dismissing amended complaint).

Furthermore, Count IV is internally inconsistent and baseless. Appellants allege that the Town designated a portion of Grand Medford Estates' property, known as Lot 26, as a wetland without notice, and asserts that this violated due process. *See* Am. Compl., ¶194 (A-365). Yet Appellants admit that the Town's actions with respect to Lot 26 have been undertaken pursuant to New York State Eminent Domain Procedure Law ("EDPL"). *See* Am. Compl., ¶¶ 71, 73(A-

21

340)(acknowledging the state eminent domain proceeding pending in Suffolk County Supreme Court under Index No. 620420/2021); A-172.

The District Court correctly held that EDPL's comprehensive statutory scheme clearly provides all the procedural due process required. *See* SPA-39, *citing Brody v. Vill. of Port Chester*, 345 F.3d 103 (2d Cir. 2003).

Indeed, Grand Medford Estates LLC received specific notice at each stage of the proceedings, beginning with the public hearing at which the proposed action was discussed and approved. *See* A-172, Petition, at its Exhibit C, F, G(A-172-191); *and* A-76 (Town Board Minutes of Public Hearing). Despite all of these notifications, there is no indication, and Grand Medford Estates does not allege, that it attempted to challenge the designation of Lot 26 as a wetland at any point prior to the filing of this action.

Pursuant to EDPL §207(A), any challenge to the condemnor's determination and findings is required to be made within 30 days of their publication. The Appellate Division of the state court has exclusive original jurisdiction to hear and determine a condemnee's objections (*see* EDPL §207(A), 207(B), *Matter of Inc. Vil. of Patchogue v. Simon*, 112 A.D.2d 374,375 (2d Dep't 1985). EDPL §208 reiterates the exclusive nature of the Appellate Division's jurisdiction:

> Except as expressly set forth in section two hundred seven, and except for review by the court of appeals of an order or judgment of the appellate division of the supreme court as provided for therein, no court of this state shall have jurisdiction to hear and determine any

matter, case or controversy concerning any matter which was or could have been determined in a proceeding under this article.

As the phrase "could have been determined" is used in § 208, it refers to the enumerated categories of claims listed in §207(C), and therefore encompasses a condemnee's constitutional challenges to the lack of notice. *See* EDPL § 207(C)(1); *Brody*, 345 F.3d at 113. Here, Grand Medford failed to mount a timely challenge and failed to do it in the proper forum. Moreover, Grand Medford cannot plausibly allege any due process violation when it has chosen to forgo the process readily available to it under state law.

Appellants failed to assert a viable claim attacking the Town's designation of Lot 26 as a wetland either on the basis of the Environmental Conservation Law or on the merits. These are matters for the state courts and any possible challenge, required to be made within 30 days, is now time-barred.

Moreover, in this particular case, even had the challenge been timely made (which it was not), it would have been futile. A federal court cannot and should not second guess the local authority's findings relating to actual site conditions at the property. Town Code §81-3 includes the Town's definition of freshwater wetland as "'[l]ands and submerged lands, commonly called marshes, swamps, sloughs, bogs, flats, streambanks, riverine systems, and the like, supporting [certain enumerated] aquatic or semiaquatic vegetation." The Resolution Adopting the Findings and Determination of the Town Board to condemn Property for Open

Space Purposes, which is also part of the state court record (A-172, Petition at its Exhibit E [A-182-84]), specifically refers to findings of a freshwater wetland for the parcel, including "cattails (Typha latifolia L.) and species of rush grass (Juncus spp.)." These findings put it squarely within the Town Code's definition.

The Amended Complaint does not allege that Appellants did not receive the notices documented in the EDPL proceeding. It does not allege that Grand Medford made, or would have made, timely objections. The District Court properly dismissed Count IV with prejudice. *See Four K. Grp., Inc. v. NYCTL 2008-A Tr.*, 2013 U.S. Dist. LEXIS 53591, at *32 (E.D.N.Y. 2013).

The appeal repeats an argument made in the motion below without addressing the extent to which it was fully refuted by the District Court's opinion. That is, Appellants asserts a distinction without a difference in offering that notice of the wetlands designation is not the same as notice of the condemnation proceedings. As the court below noted, however, the "Town initiated eminent domain proceedings and condemned Lot 26 *because* it determined that the lot is a protected wetland." SPA-38-39. Accordingly, Appellants had notice and 30 days to challenge that determination under state law procedures confirmed to satisfy due process.

## POINT IV

**SECTION 1983 DUE PROCESS CLAIMS—COUNT III (PROCEDURAL DUE PROCESS) AND VIII (SUBSTANTIVE DUE PROCESS)—WERE PROPERLY DISMISSED**

A. Standard for Section 1983 Claim

To hold a municipality liable in such an action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *See Gregory v. Inc. Vill. Of Ctr. Island, supra* at *9, *citing Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Here, Appellants make no claim against individual defendants and do not plead any facts that suggest an official policy or custom relating to the conditions for or the release of performance bonds, or otherwise effectuating the alleged constitutional deprivations. Appellants fail to allege a constitutional right likewise fail to state a denial of any such constitutional right.

B. Due Process

The applicable standard for a due process claim is well established. To demonstrate a violation of due process rights regarding one's use of property, whether on procedural or substantive due process grounds, a plaintiff must first demonstrate that he or she possesses a federally protected property right to the relief sought. *See Vertical Broad., Inc. v. Town of Southampton*, 84 F. Supp. 2d 379, 391 (E.D.N.Y. 2000) (*citing Lisa's Party City v. Town of Henrietta*, 185 F.3d

12, 16 (2d Cir. 1999); *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999); *Penlyn Dev. Corp. v. Inc. Vill. of Lloyd Harbor*, 51 F. Supp. 2d 255, 261 (E.D.N.Y. 1999)). A plaintiff has a "legitimate claim of entitlement" to a particular benefit if, "absent the alleged denial of due process, there is a certainty or a very strong likelihood that the benefit would have been granted." *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 917 (2d Cir. 1989) (citation and internal quotations omitted). "It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process." *Vertical Broad., Inc*., 84 F. Supp. 2d at 391; *and see Sandy Hollow Assocs. LLC & Port N. Constr. LLC v. Inc. Vill. of Port Wash. N.*, 2010 U.S. Dist. LEXIS 142396, at 30-33 (E.D.N.Y. 2010).

This Court has instructed that the "entitlement" test be applied with "considerable rigor." *RRI Realty Corp.,* 870 F.2d at 918. "The [strict entitlement] analysis focuses on the extent to which the deciding authority may exercise discretion in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision." *Crowley v. Courville*, 76 F.3d 47, 51 (2d Cir. 1996) *quoting Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995). "An entitlement to a benefit arises only when the discretion of the issuing agency is so narrowly circumscribed as to virtually assure conferral of the benefit." *RRI Realty Corp.,* 870 F.2d at 917. Furthermore, "[t]he issue of whether a

protected property interest exists is a matter of law for the Court to decide."
*Vertical Broad., Inc.,* 84 F. Supp. 2d at 391 (*citing RRI Realty*, 870 F.2d at 918);
*and see Sandy Hollow Assocs. LLC & Port N. Constr. LLC*, *supra*, at 32-33.

A plaintiff must plead: (1) that "a constitutionally cognizable property
interest is at stake," and (2) defendants' "alleged acts against [the] land were
arbitrary, conscience-shocking, or oppressive in the constitutional sense, not simply
incorrect or ill-advised." *Ferran v. Town of Nassau*, 471 F.3d 363, 369-71 (2d Cir.
2006) (internal quotations omitted).

Furthermore, substantive due process protection covers issues central to
individual freedom and autonomy.  Where, as here, a complaint alleges only
contract-based deprivations, such a claim must be dismissed.  *See Montauk Bus
Co. v. Utica City Sch. Dist.*, 30 F. Supp. 2d 313, 320-21 (N.D.N.Y.
1998)(dismissing due process claim relating to allegations that defendant
improperly failed to allow plaintiff to provide it transportation under a contract).
*See also*, *Harbor View at Port Wash. Home Owners Assn, Inc. v. W.J. Harbor
Ridge, LLC*, 20 Misc. 3d 1138(A) (Sup. Ct. Nassau Co., 2008)(rejecting claim of
improper issuance of a CO); *Panetta v. Vill. of Mamaroneck*, 2012 U.S. Dist.
LEXIS 175431, at *9 (S.D.N.Y. 2012); *Sandy Hollow Assocs., supra* at 40.

C. <u>Section §1983 Does Not Apply to Dispute Over Performance Bonds</u>

Here, Appellants do not have a constitutionally protected property interest in the immediate release of the performance bonds, simply because *they* have decided that they have complied with their obligations. The conditional subdivision approvals upon which Appellants rely, the bond documents, and the enabling statutes all indicate that it is up to the Town to determine whether the improvements secured by bonds have been completed in a satisfactory manner. For example, the May 24, 2010 conditional final approval for Medford Gardens (A-50) states that the bonds shall run for "a term ending upon the Town's determination of satisfactory completion and acceptance of the public improvements so bonded or secured." Further, it specifically obligates the applicant to conduct maintenance "until such time as the roadways are dedicated and accepted into the Town's Highway System. *See* A-50, at p. 1. The Resolution setting the bond amount for Medford Gardens (A-69) states that it is "to ensure the completion of the requirements for the construction of public improvements for the subdivision…". The conditional approval of the Quigley Estates subdivision lists numerous improvements and, in the subsequent Stipulation (A-56 &66), clarifies that public improvements which are not completed prior to the issuance of the COs shall be guaranteed by a bond.

Additionally, the Town Code emphasizes that the release of the performance bond should be recommended only upon "the satisfactory completion of all work covered in the bond and the furnishing of as-built plans," together with instruments of dedication and a certificate of title. *See* Town Code SR-17(F). Both the contractual and statutory provisions cited above are broad in scope and allow for substantial discretion by the Town and its Planning Board with respect to the conditions themselves and the review of their performance. None of these authorizing documents can be said to "virtually assure conferral of the benefit," *i.e.* release of the bond at the discretion of the developer.

Thus, since no right has been established, there is no basis for the claim that Appellants have been deprived of this right.

D. Section §1983 Does Not Apply to Dispute Over Two COs

The same considerations invalidate Appellants' claim that the delay of "several months" in the issuance of two certificates of occupancy presents a constitutional violation. *See* Am. Compl., ¶204(A-366). In *Sandy Hollow Assocs. LLC, supra*, plaintiffs alleged §1983 claims because defendant Village required them to fulfill certain obligations as a condition to issuing certificates of occupancy. The court held that plaintiffs did not have a constitutionally protected property interest in the issuance of the COs and recommended dismissing the claim. *Id.*

In *Harbor View at Port Wash. Home Owners Assn, Inc.,* 20 Misc. 3d 1138(A) (Sup. Ct. Nassau Co., 2008)*,* the court applied the same basic principles to plaintiff's claims of procedural defects in the issuance of a CO. It held that these do not represent protected property interests cognizable under the due process clause, or "cause an injury attributable to the government that rises to a constitutional level." *Id. citing Assoko v. City of New York,* 539 F.Supp.2d 728, 740 (S.D.N.Y.2008), a*ccord, Seabrook v. City of New York,* 509 F.Supp.2d 393, 405 (S.D.N.Y.2007); *Guoba v. Sportsman Props., Inc.,* 2006 U.S. Dist. LEXIS 73307, 2006 WL 2792753 *6 (E.D.N.Y. 2006); *and Bletter v. Inc. Vill. of Westhampton Beach,* 88 F.Supp.2d 21, 25 (E.D.N.Y. 2000); *see also*, *Zahra,* 48 F.3d 674 (dismissing plaintiff's substantive due process claims based on the municipal defendants' revocation of a building permit and refusal to perform an inspection.)

### E. Allegations Fail to State a Claim Under *Monell*

The Amended Complaint fails to state a claim under *Monell*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018 (1978); *and see Williams v. New York*, 2022 U.S. Dist. LEXIS 152293, at *22-23 (E.D.N.Y. Aug. 24, 2022)("…the plaintiff has not alleged a constitutional violation. Thus, the plaintiff's *Monell* claim fails as a matter of law."). Seemingly cognizant of this deficiency, the Amended Complaint superficially inserts and applies the term

"policy" and "custom" in various of its allegations, but this is, in every instance, simply a label attached to the Town's actions that Appellants do not like. *See* A-324, Am. Compl., *passim; and see Hong Tang v. Grossman*, No. 22-464, 2023 U.S. App. LEXIS 4625, at *6 (2d Cir. Feb. 27, 2023)("Tang failed to plead a valid constitutional violation, but even if he had, Tang's boilerplate allegations about the City defendants' role in that constitutional violation only amount to 'formulaic recitation of the elements of a cause of action.'"). Such conclusory allegations do not pass the *Twombly/Iqbal* test. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The Amended Complaint fails to allege and identify an actual Town custom, policy or practice that invokes *Monell* liability. *See Williams*, 2022 U.S. Dist. LEXIS 152293, at *22 ("a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right."). Notably, it also fails to name as a defendant any individual person acting under color of law. *See Whalen v. Cty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997)("To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct… was attributable to a person acting under color of state law…."). Indeed, the whole of the Amended Complaint does not reference a single person at all.

Also, whereas Appellants allege that the Town delayed the release of the bonds pursuant to a "policy," they also affirmatively state that no other developers were treated in this manner.  *See* Am. Compl., ¶¶60(A-337), 205(A-366), 207-208(A-367).  This self-contradictory position is yet another reason why the §1983 claims are baseless and must be dismissed as a matter of law.

E. <u>Immunities</u>

The District Court did not need to reach the issue of the Respondents' immunity grounds for dismissal, but such grounds would remain a basis for dismissal even if a claim were to be restored. Given the failure of the Amended Complaint to specify the basis under which the separately named defendants, the Town, the Town Board, and the Town Planning Board, have been sued, it is difficult to assess all of the immunities and defenses that may apply.  The Town Board has legislative immunity for its legislative acts. *See e.g., Livant v. Clifton*, 334 F. Supp. 2d 321, 326 (E.D.N.Y. 2004).  The Town likewise has discretionary immunity.  *See e.g., Valdez v. City of N.Y.*, 18 N.Y.3d 69, 75-76, 936 N.Y.S.2d 587, 592, 960 N.E.2d 356 (N.Y. 2011).  The Planning Board functions in a largely advisory capacity and is not alleged to have rendered any final determination that is actionable under the theories asserted.

## POINT V

## EQUAL PROTECTION CLAIMS (COUNTS V and VI) WERE PROPERLY DISMISSED

Appellant's brief offers no argument to resist or overturn the District Court's proper dismissal of the Amended Complaint's equal protection claims (Counts V and VI).  *See* App. Br. at 41.  In a single vapid sentence, the brief merely offers that the lower court erred "for reasons set forth hereinabove."  But there is no other section of the brief that addresses Appellants' equal protection claim.  Accordingly, Appellants have effectively conceded the dismissal of the equal protection claims and waived any appeal from same.

It is also noted that while the District Court dismissed the equal protection claims (Counts V and VI) with prejudice on the merits under *Monell*, it also dismissed those claims (Counts V and VI) on ripeness grounds.  As noted above, Appellants have not appealed from the dismissal of claims dismissed on ripeness grounds.  Thus, even if Appellants had offered a merits argument, the claim would remain dismissed.

In any case, for the sake of completeness, Appellees offer the arguments below and assert that the District Court properly dismissed the equal protection claims.

33

The Amended Complaint Does Not State a Selective Enforcement Claim (*LeClair*)

Count V purports to assert an equal protection claim based upon a selective enforcement theory. As set forth in *LeClair v. Saunders*, 627 F.2d 606 (2d Cir. 1980) and its progeny, such a claim requires a showing that the government was motivated by reasons wholly unrelated to any legitimate state objective, a burden few are able to carry. *See Bizzarro v. Miranda*, 394 F.3d 82, 88-89 (2d Cir. 2005). The two prongs of the test, both of which must be satisfied, are: (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. *See Zahra* , 48 F.3d, at 683.

The Amended Complaint fails both prongs of the test. First, other than naming a laundry list of other developers, the pleading provides no factual details about their projects or circumstances to establish that they are similarly situated, let alone being similarly situated in all material regards. *See 20 Dogwood LLC v. Vill. of Roslyn Harbor*, 2023 U.S. Dist. LEXIS 88142, at *13 (E.D.N.Y. 2023)(dismissing selective enforcement claim where plaintiffs failed to plead facts showing that the manner and extent of the violations is similar to comparators.) Furthermore, Appellants' only allegation about selective treatment and the other

34

developers relates to the claim that the decision to issue two out of dozens of COs was delayed by a month in late 2020.  *See* Am. Compl. ¶¶59-61(A-337-38).  This allegation is factually moot and legally insufficient to support a §1983 claim.  *See Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 432 (E.D.N.Y. 2021) (dismissing selective enforcement and class-of-one claims for failure to meet the above referenced burden and to sufficiently identify comparators); *Joglo Realties, Inc.,* 2016 U.S. Dist. LEXIS 113057, 2016 WL 4491409, at *10.

Second, there is no claim that any alleged differential treatment was undertaken on the basis of impermissible considerations such as race, religion, an intent to inhibit the exercise of constitutional rights or a malicious or bad faith intent to injure. *See Zahra, supra* at 683.  Even assuming all factual allegations in the Amended Complaint to be true there is simply no sufficient allegation of impermissible considerations.  The only pleaded facts indicate that the Town and Appellants are engaged in an ordinary dispute relating to the speed of land use approvals and certain requirements for road improvements.  There is simply no sufficient allegation of improper motive on the part of the Town and no facts set forth.

### The Amended Complaint Does Not State a Class-of-One Claim

The Amended Complaint likewise fails to satisfy the even more burdensome pleading requirements of a "class of one" equal protection claim.  A "class of one"

equal protection claim requires a showing that plaintiff has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Manbeck v. Town of Lewisboro*, 2008 U.S. Dist. LEXIS 109123, at \*26-28 (S.D.N.Y. 2008); *Seymour's Boatyard, Inc. v. Town of Huntington*, 2009 U.S. Dist. LEXIS 45450, at \*24 (E.D.N.Y. 2009).  In fact, "[C]ourts, including the Second Circuit, have repeatedly cautioned about the danger of ordinary disputes between a citizen and a municipality—whether it be about land use, licenses, inspections, or some other regulatory or investigative function of local governments—being transformed into federal lawsuits by an incorrect, over-expansive theory of class-of-one liability."  *See Ferreira v. Town of E. Hampton,* 56 F. Supp. 3d 211, 234 (E.D.N.Y. 2014).  Here, Appellants have taken what is essentially a contract claim regarding conditions of a bond and attempt to inflate it into a constitutional matter in order to put pressure on the Town to waive its legitimate land use requirements.

     To state a "class-of-one" claim, a plaintiff must plausibly plead that: (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.  *See Ruston v. Town Bd. for*

36

*Skaneateles*, 610 F.3d 55, 60 (2d Cir. 2010) *aff'd,* 705 F. App'x 50 (2d Cir. 2017) (internal citations omitted). "[A]n extremely high degree of similarity" is required. *Id*. at 59. A plaintiff must allege that he or she was "differently treated than someone who is *prima facie* identical in all relevant respects," *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008). The similarity "is offered to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise — is all but certain." *Id.* at 105 (internal citations omitted). In other words, the properties and circumstances being compared must be "so similar that differential treatment with regard to them cannot be explained by anything other than discrimination." *Fortress Bible Church v. Feiner*, 694 F.3d 208, 222 (2d Cir. 2012). In addition, a plaintiff must sufficiently allege that the difference in treatment "was not based on a discretionary or subjective decision." *Hurley v. Town of Southampton*, 2018 U.S. Dist. LEXIS 137089,*24 (E.D.N.Y. 2018).

Notably, in their "class-of-one" claim (Count VI), Appellants' pleading is so vague and conclusory that it falls short of both the general standards of *Twombly* and *Iqbal*, *supra*, and the specific standards for this type of claim. All that is alleged is that Appellants were treated differently "from other similarly situated

subdivision developers" and are "being singled out." *See* Am. Complt., ¶¶213-214(A-368).  One paragraph of the pleading recites a number of names of companies alleged to be these "similarly situated Brookhaven developers."  *See* Am. Compl., ¶60(A-337).  However, no further information is provided about the circumstances of their applications or why they are comparable.  No allegations or facts are provided to show that the alleged difference in treatment "was not based on a discretionary or subjective decision." *See W.G. Woodmere LLC v. Town of Hempstead,* 2022 U.S. Dist. LEXIS 217017 (EDNY 2022), at *25 (discussing discretionary nature of subdivision approvals and dismissing equal protection and due process claims).  There is nothing to show how the other developers were treated, much less treated differently, or how no rational person could see a reason to justify different treatment.  *See Nardiello v. Town of Oyster Bay*, 2016 U.S. Dist. LEXIS 49641, *19-20 (E.D.N.Y. 2016).

Moreover, Appellants here do not and cannot show that Town's actions are unrelated to their legitimate land use goals.  On the contrary, there is a clear and reasonable nexus between the requirements of subdivision approval and governmental policy.

## POINT VI

## FIRST AMENDMENT CLAIM (COUNT IX) WAS PROPERLY DISMISSED

As was the case with the equal protection claims (*see* Point V above), the Appellant's brief offers no argument to resist or overturn the District Court's proper dismissal of the Amended Complaint's purported first amendment retaliation claim (Count IX).  *See* App. Br. at 42.  Once again a single sentence, the brief merely offers that the lower court erred "for reasons set forth hereinabove."  And once again, the problem is that there is no other section of the brief that addresses Appellants' first amendment claim.  Accordingly, Appellants have effectively conceded the dismissal of the retaliation claim and waived any appeal from same.

Here again, while the District Court dismissed the first amendment claim (Count IX) with prejudice on the merits under *Monell*, it also dismissed that claim (Count IX) on ripeness grounds.  And, as noted above, Appellants have not appealed from the dismissal of claims dismissed on ripeness grounds.  Thus, even if Appellants had offered a merits argument, the claim would remain dismissed.

## POINT VII

## CLAIMS SUBJECT TO DISMISSAL ON ADDITIONAL GROUNDS -  NEGLECTED STATE LAW REMEDIES

Although the District Court did not need to reach these issues, there exist additional grounds for dismissal beyond those set forth in the Opinion and Order.

Where a plaintiff claims that a municipality made a determination in violation of lawful procedure, affected by an error of law, or was arbitrary and capricious or an abuse of discretion, the proper forum for these allegations is an Article 78 proceeding in the appropriate New York State Supreme Court. *See N.Y. C.P.L.R. § 7803* ("The only questions that may be raised in a proceeding under this article are…(3) whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed"); *N.Y. C.P.L.R. § 7804(b)* ("A proceeding under this article shall be brought in the supreme court in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides.").

These claims herein should have been raised, if at all, in an Article 78 proceeding. *See Trager v. Town of Clifton Park*, 303 A.D.2d 875, 877-78, 756 N.Y.S.2d 669, 671 (3d Dep't 2003)(noting that town board's imposition of fees was an administrative act, such that any challenge thereto should have been the subject of a CPLR Article 78 proceeding which is governed by a four-month statute of limitations.)

In *Sharp v. Inc. Vill. of Farmingdal*e, 2017 U.S. Dist. LEXIS 161235, at *13 (E.D.N.Y. 2017) the court dismissed plaintiffs' procedural due process claims relating to their application for a building permit and certificate of occupancy. "As

the Second Circuit has emphasized, '[t]his court has held on numerous occasions that where, as here, a party sues the state and its officials and employees for the arbitrary and random deprivation of a property or liberty interest, an Article 78 proceeding is a perfectly adequate post-deprivation remedy.' *Id*.; *see also*, *Gregory v. Inc. Vill. of Centre Island*, 2015 U.S. Dist. LEXIS 114749, 2015 WL 5093623, *7-8 (E.D.N.Y. 2015) (dismissing plaintiff's due process claims alleging that the Village selectively enforced a restrictive covenant, imposed new zoning restrictions, and repeatedly denied his applications over many years.)

In *Sandy Hollow Assocs. LLC & Port N. Constr. LLC v. Inc. Vill. of Port Wash. N.,* 2010 U.S. Dist. LEXIS 142396, at *78-81 (E.D.N.Y. 2010), plaintiffs claimed that the municipal defendants improperly imposed certain fees in connection with building permits and a re-zoning application and that they acted beyond their authority by requiring a deed of undeveloped land. The court concluded that these claims had to be brought in the appropriate state forum and recommended their dismissal. Although the court also noted that, under 28 U.S.C. § 1441(c), a federal court may remand "matters where state law predominates," it held that, under the circumstances the four-month statute of limitations for an Article 78 proceeding had expired. The same is true here.

As stated in *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995), "[T]he Due Process Clause does not function as a general overseer of arbitrariness

in state and local land-use decisions; in our federal system, that is the province of the state courts."  Stated another way, "[O]utside of the zoning context, intruding into the decision-making process of state and local administrative agencies is inadvisable where the state, through Article 78 review, 'has constructed a complex system of administrative review and appeal . . . and has specified a method of judicial review.' *Petrello v. Zoning Bd. of Appeals of the Vill. of Sagaponack*, 2022 U.S. Dist. LEXIS 214691, at *12 (E.D.N.Y. 2022)(applying the *Burford* rule and dismissing complaint challenging ZBA decision for lack of subject matter jurisdiction). *and see Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943).   In such cases, federal courts apply the *Burford* abstention doctrine, which advises them to decline to interfere with the proceedings or orders of state administrative agencies. *Id*.

Here, it is readily apparent that Appellants' federal claims are defective for failure to exhaust administrative remedies.  Most notably, although the centerpiece of the Amended Complaint is the allegation that their performance bonds have not been released, Appellants have not commenced a state law Article 78 proceeding to compel the release of such bonds.

## POINT VIII

## LEAVE TO REPLEAD WAS PROPERLY DENIED

Denial of a motion for leave to replead (here, there never even was such a motion) is reviewed for abuse of discretion.

Appellants already amended their original complaint once as of right. Any additional amendment of their pleading may be made "only with the opposing party's written consent or the court's leave." *See Fed. R. Civ. Pro. 15*. Here, there was no motion for leave to replead properly made to the court below. Such a request must be made by written motion, in accordance with Fed. R. Civ. Pro. 7 and not simply imbedded in opposition papers.

Even if leave were properly requested, justice does not require that leave be granted, and the granting of any such leave would be abjectly futile. *See Campos v. Zuntag,* 2016 U.S. Dist. LEXIS 48086, *11(E.D.N.Y. 2016)("'leave to amend a complaint may be denied when amendment would be futile.' *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 [2d Cir. 2006]."); *Ramel Giggetts v. Cnty. of Suffolk,* 2022 U.S. Dist. LEXIS 65035, *17 (E.D.N.Y. 2022) (finding it to be fatal where "Plaintiff is…silent on what 'new material he wishes to plead.'… *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 [2d Cir. 2014] [leave to amend may be denied where plaintiff 'fails to specify . . . how amendment would cure the pleading deficiencies in his complaint'].");

43

*In re WorldCom, Inc. Sec. Litig.,* 2004 U.S. Dist. LEXIS 25125, *28-29 (S.D.N.Y. 2004)("Under Rule 15[a] plaintiffs have no right to amend their pleadings a second time. *Denny v. Barber*, 576 F.2d 465, 471 [2d Cir. 1978]).

The court below correctly denied the request to replead since not only did Appellants fail to annex a proposed pleading, they did not even offer what the proposed further amendments would be or why they would be proper.  SPA-42.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the District Court's Dismissal of the Amended Complaint should be affirmed.

Dated:       Sayville, New York
             May 17, 2024

                              Respectfully Submitted,
                              Perillo Hill LLP


                               /s/ Timothy F. Hill
                              _____
                              Timothy F. Hill

## CERTIFICATE OF COMPLIANCE

Pursuant to the Federal Rules of Appellate Procedure, I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i), excluding the parts of the brief exempted by Fed. R. App. P. 32(f), because this brief contains 10,149 words, as established by the word count of the computer program used for preparation of this brief.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: May 17, 2024

/s/ Timothy F. Hill
Timothy F. Hill